Chang v. MetroPlus Health Plan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

**PRESENT:**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges.*

_____

**Xinwa Chang,**

> *Plaintiff-Appellant*,

> **v.**

> **14-665-cv**

**MetroPlus Health Plan, NYC Health and Hospital Corporation,**

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Xinwa Chang, pro se, Brooklyn, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Francis F. Caputo, Benjamin Welikson, of Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Pauley, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Xinwa Chang, proceeding pro se, appeals the district court's order in which it granted summary judgment in favor of her employer with respect to her employment discrimination claims under the Americans with Disabilities Act of 1990 ("ADA"), Title VII, and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Chang does not dispute the district court's ruling that the only adverse actions not barred by the statutes of limitations are her unpaid suspension and termination. *United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2000) (normally failure to include argument in appellate brief waives argument on appeal). Accordingly, we review only whether those adverse employment actions constitute discrimination under the ADA, Title VII, or the NYCHRL.

We review a grant of summary judgment de novo, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted).

Upon such review, we conclude that the district court properly granted summary judgment to the defendants for the reasons stated in its thorough and well-reasoned memorandum and order. We have considered all of Chang's remaining arguments, including those regarding the exhibits, and notice about the deadline for the parties to file a final pretrial order, and find them to be without merit.   Accordingly, we **AFFIRM** the district court's grant of summary judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk